59  167
70  641

THE TOWN OF GLENWOOD, Appellant, v. GEO. K. ROBERTS, Respondent.

Kansas City Court of Appeals, November 5, 1894.

Municipal Offense: EVIDENCE: REASONABLE DOUBT. Though pro-ceedings in a municipal court to recover a penalty for the violation of a police ordinance of a municipality are civil actions, they partake of the nature of criminal prosecutions in that they have to do with the personal liberty of the citizen. And the more enlightened nations of the earth require the guilt of the accused shown beyond a reason-able doubt; and it is the common understanding with bench and bar that the same rule applies to prosecutions for misdemeanors whether founded on a general statute or on a municipal ordinance, and the defendant is entitled to his liberty unless the charge against him is established beyond a reasonable doubt.

*Appeal from the Macon Circuit Court at LaPlata.*—HON. ANDREW ELLISON, Judge.

AFFIRMED.

*Edward Higbee* for appellant.

(1) The court erred in giving defendant's first instruction, "If from the whole of the evidence the jury are unable to say that defendant is guilty beyond a reasonable doubt they should acquit." This is a civil action to recover a penalty. The breach of a town ordinance is not a violation of a law of the state, and is not a crime. *Kirkwood v. Autenreith*, 11 Mo. App. 515; *City of Kansas v. Clark*, 68 Mo. 588, 589; *St. Louis v. Knox*, 74 Mo. 79, 81; *Ex parte Hollwedell*, 74 Mo. 395, 400, 402; *St. Louis v. Vert*, 84 Mo. 204, 209; *City of Marshal v. Standard*, 24 Mo. App. 192; *City of DeSoto v. Brown*, 44 Mo. App. 148, 152; *City of Billings v. Dunnaway*, 54 Mo. App. 1; *Kansas City v. Neal*, 26

S. W. Rep. 695. (2) "In all civil cases it is the duty of the jury to decide in favor of the party on whose side the weight of the evidence preponderates." It is error to require evidence beyond a reasonable doubt. *Edwards v. Knapp & Co.*, 97 Mo. 432, 436; *Smith v. Burrus*, 106 Mo. 94, 100, 101.

*C. C. Fogle* for respondent.

(1) Now, whether or not this is a civil case, to be proceeded with criminally, or civilly and criminally, is a question, I suppose, which ought to be decided. Now, as to the criminal steps: A complaint must be made and sworn to. A warrant is issued. The defendant is arrested, brought into court. A day fixed for his trial. A bond is given for defendant's appearance or a commitment issued and defendant imprisoned to await the day of trial. Sections 1686, 1687, 1688 of Statutes of 1889. The marshal brings him into court. He answers verbally guilty or not guilty. If he pleads guilty or is convicted on trial he must in either case pay the fine and cost or be committed, or if convicted he may appeal. Sections 1693, 1694, 1696, Statutes of 1889. If imprisoned he may be compelled to work out the fine and cost on the streets. The offense with which he stands charged is a violation of public duty so far as it concerns the municipality. The conviction is a bar to a state case for the same offense) 3 Mo. 413; 29 Mo. 330; 37 Mo. 360) but not a bar to a suit brought by the injured party for damages—such as assault and battery. If defendant refuses to hear the warrant read, the marshal may lay hands on him and handcuff him, or if he undertakes to run, the marshal may use such force as is necessary to stop him or he may call the posse to assist him in stopping the defendant. The judgment must be that he

pay the fine and cost or that he stand imprisoned until the same be paid. The cost may be taxed to prosecuting witness. See section 1967. If you want him to testify in any court he must be brought out under writ of *habeas corpus.* If he is insolvent and has complied with the law and the provisions of the insolvent act he may be discharged from imprisonment. And all this because he, the defendant, owes a certain individual, unnatural though he may be, a certain sum of money. If a civil proceeding, then, it is an arrest and imprisonment for debt and not for the violation of the law, which can not be done. Sec. 16, art. 2, Const. of Mo. If a criminal proceeding, then all the steps above are necessarily connected with the proceeding. Our courts hold that a prosecution under municipal ordinance is civil in form and *quasi* criminal in character. 68 Mo. 591; 15 Mo. App. 515; 74 Mo. 81; 74 Mo. 395; 84 Mo. 204; 10 Mo. App. 446; 44 Mo. App. 192. Then municipal corporations can do away with the criminal statute within their corporate limits and have no criminal prosecutions therein and make civil cases bars to criminal ones. "Let us consider the reasons of the case. For nothing is law that is not reason."—Sir John Powell. "Reason is the life of the law; nay, the common law itself is nothing else but reason." —Coke. 97 Mo. 432, 436; 2 Greenl. on Evidence, 426.

GILL, J.—This action was instituted before the chairman of the board of trustees of the village of Glenwood in Schuyler county, the complaint charging defendant with violating an ordinance prohibiting intoxication or carrying a revolver while so intoxicated. The case was tried on appeal in Macon county, a change of venue being taken from Schuyler on the application of the plaintiff; and from a judgment in defendant's favor plaintiff has appealed.

The matter relied on for reversal arises from the action of the trial court in instructing the jury that "if from the whole evidence the jury are unable to say that defendant is guilty beyond a reasonable doubt, they should acquit." It is claimed that, as the action is civil, not criminal, the case of the prosecution was made out by a mere preponderance of the evidence, and that it was error to advise the jury that defendant's guilt must be established *beyond a reasonable doubt*.

Notwithstanding the plausibility of the learned counsel's argument, we think his position unsound and we hold the instruction proper. We are mindful of the general rule that the burden of proving a case beyond a reasonable doubt attends criminal prosecutions only, and that as to ordinary civil actions it is only necessary for the plaintiff to sustain his claim by a mere preponderance of testimony. And it is also true that in Missouri these suits for recovery of penalties for violating the police ordinances of municipal corporations are ordinarily denominated civil actions, though in some cases they are said to be *quasi criminal*.

But, conceding that they are civil actions, they yet partake of the nature of criminal prosecutions, in that they have to do with the personal liberty of the citizen. The statute under which this action must be sustained provides for the issue of a warrant to arrest the accused, and when forcibly brought before the judicial officer of the village and tried and conviction had it is made a part of the judgment, "that the defendant stand committed to jail until the judgment is complied with," etc. Sec. 1686, *et seq.*, R. S. 1889. It is not the case of one citizen against another standing on equal footing, but the accused is confronted by a community and he is indicted or charged by information emanating from its law officer. Nor is it a suit involving money or

property only, but probably involving that dearer and more valuable right—the liberty of the accused. It is from these considerations and for these reasons that the courts of the more enlightened nations of the earth require the guilt of the accused shown beyond a reasonable doubt. Wharton, Crim. Ev., sec. 1.

Greenleaf thus refers to the other reason for the rule: "In civil cases, where the mischief of an erroneous conclusion is not deemed remediless, it is not necessary that the minds of the jurors be freed from all doubt; it is their duty to decide in favor of the party on whose side the weight of evidence preponderates, and according to the reasonable probability of truth. But in criminal cases, because of the more serious and irreparable nature of the consequences of a wrong decision, the jurors are required to be satisfied, beyond any reasonable doubt, of the guilt of the accused, or it is their duty to acquit him." 1 Greenl. Ev., sec. 13a.

Why, then, should not this same solicitude for the liberty of the citizen, or this idea that it is better that ten guilty ones escape than punish one innocent, be applied in such cases as this as where the *state* is the party prosecuting? If, now, this defendant had been prosecuted for a misdemeanor under the general statutes where the like punishment would be visited as in case of violation of a municipal law, unquestionably he would have been entitled to an instruction telling the jury that his guilt must have been shown beyond a reasonable doubt; and if in the latter, why not in the former.

We think it is the common understanding with bench and bar everywhere that the same rule applies to prosecution for misdemeanors, whether the action is founded on a general statute or on a municipal ordinance, and whether the party be arraigned before a police judge or before a judicial officer of the state. We

discover no reason, then, to condemn the ruling of the trial court in holding that the accused defendant was entitled to his liberty, unless the charge against him was established beyond a reasonable doubt.

We notice other objections relating to the instructions given, but see nothing to warrant a reversal. The court fairly submitted the case to the jury, and since the finding has ample support in the evidence we have nothing to do but affirm the judgment. It is so ordered. All concur.