**KANSAS CITY, Missouri, Appellant,**

v.

**Rose Marie BRADLEY, Respondent.**

**No. 24752.**

Kansas City Court of Appeals.
Missouri.

Oct. 2, 1967.

George L. DeBitetto, Asst. City Counselor, Kansas City, for appellant.

Louis Wagner, Kansas City, for respondent.

HOWARD, Presiding Judge.

This is an appeal by the City of Kansas City, Missouri from the action of the Circuit Court of Jackson County discharging respondent on two charges of selling cigarettes without a tax stamp thereon evidencing payment of the City cigarette tax. The two charges originated in the Municipal Court of Kansas City, Missouri, and on appeal, were tried together in the Circuit Court sitting without a jury. The parties will be referred to as they appeared below.

A sergeant for the Kansas City, Missouri Police Department testified that on April 17, 1966, he stopped at the Country Club Market located at 5636 Troost, and purchased some groceries and two packages of Winston cigarettes. He gave one package to his wife and opened the other package himself. As he opened his package of cigarettes, he noted that there was no stamp or meter machine impression denoting the payment of cigarette tax. He examined the package which he gave to his wife, before she opened it, and observed there was no tax stamp or meter machine impression on this package of cigarettes. The witness smoked all of the cigarettes from his package and the wife from her package. The two empty containers were offered in evidence as exhibits 1 and 2. (Defendant's ob-

jection was never ruled, but the exhibits were considered as evidence by the court.) No cigarettes or tobacco were contained in the packages as offered and each package had been opened by completely removing the top of the cellophane outer wrapping of the package and by removing the foil and paper covering of part of the top of the cigarette package itself. Otherwise, the two packages are complete. Each recites that it contains "20 Class A Cigarettes" being "King Size Winston Filter-Cigarettes" with "Full Rich Tobacco Flavor". Each package bears the warning required by federal law: "Caution: Cigarette Smoking May Be Hazardous to Your Health". Each package recites that the contents were manufactured by "R. J. Reynolds Tobacco Co. Winston-Salem, N. C., U.S.A.".

It was admitted that defendant owned and operated the Country Club Market and was the holder of the merchant's license and license to sell cigarettes issued by the City of Kansas City, Missouri. The sergeant positively testified that the cigarettes which he took out of the package were regular Winston cigarettes which he was accustomed to smoke. The testimony was that city tax stamps or meter machine impressions were ordinarily placed on the bottom of the outer cellophane wrapper but that sometimes they were placed on the top. As to each exhibit, the bottom of the cellophane wrapper was intact and there was no stamp or meter machine impression on the bottom of either wrapper. The same is true of the sides of each wrapper. However, the top of the cellophane wrapper of each exhibit had been completely removed and destroyed and the exhibits did not show whether or not there had been a stamp or meter machine impression on the tops. This was shown only by the testimony of the police sergeant as heretofore set out.

The City introduced the applicable ordinances and before plaintiff had formally rested its case, counsel for the defendant moved for a judgment of acquittal "on the ground that the City has failed * * * to prove the defendant guilty beyond a rea-

sonable doubt". Counsel for defendant supported this motion with a short argument and counsel for the City responded thereto emphasizing its contention that the City had offered sufficient evidence to establish the corpus delicti. Immediately thereafter, the following appears of record:

"THE COURT: I have a strong suspicion that probably the cigarettes were sold without the stamp, but I can't take these mutilated packages alone to prove the defendant guilty beyond a reasonable doubt. The defendant is discharged.

"MR. DE BITETTO: Your Honor, the City will ask for statements of fact and conclusions of law, if we may.

"THE COURT: It's very simple. You failed to prove this person guilty beyond a reasonable doubt, offering in evidence mutilated packages only, with no cigarettes in them, when it would have been very simple to have produced the original packages with the cigarettes. These could have come from any place. I have a strong suspicion that there was maybe unstamped cigarettes out there, but you can't convict anyone on this evidence."

Thereafter, plaintiff filed its motion for a new trial which was by the court overruled and plaintiff has duly appealed to this court.

Plaintiff's central contention on this appeal is that "the Court erred in finding that plaintiff had not proven defendant guilty beyond a reasonable doubt". Defendant was charged with violation of that portion of Section 13.050, Revised Ordinances of Kansas City, Missouri, 1956, which reads as follows:

"Sec. 13.050. Sale at retail without tax stamps; counterfeiting or altering stamps; tampering with meter machines, etc.—No person shall possess, sell or offer for sale or display for sale at retail any cigarettes unless on the container thereof there has been affixed a stamp or authorized meter machine impression thereof evidencing the payment of the tax; * * * "

Plaintiff contends that the ruling of the trial court came on a motion for judgment of acquittal and that on such motion, the evidence of the plaintiff must be taken as true and, therefore, the trial court erred in discharging defendant at that point in the trial. Plaintiff relies on such cases as City of St. Louis v. Diechman, Mo.App., 135 S.W.2d 6. If this were a jury tried case, plaintiff's contention would probably require a reversal. From the evidence as heretofore summarized, it would appear that plaintiff did make a prima facie case entitling it to go to the jury. However, in this jury-waived case, it is apparent that the substance of the defendant's motion, although made in the form of a motion for judgment of acquittal, was in fact a submission of the issues on the merits to the court as the trier of fact. In any event, we will so consider it because it would accomplish nothing to reverse this case and require a new trial for the technical reason that the court erred in sustaining the motion for judgment of acquittal when it is apparent that if it had properly overruled such motion, it would then have reached the same conclusion on the merits when the case was submitted to the court sitting as the trier of fact without a jury. A close study of this transcript and the arguments submitted by counsel on both sides convinces us that the issue was in fact submitted to the court as the trier of fact at the close of all of the evidence in the case.

On such submission, it is apparent that the court decided the issue as the trier of fact and that it arrived at its conclusion to discharge the defendant because the plaintiff had not carried its burden of proving defendant guilty beyond a reasonable doubt. This determination of the trial court on the merits has the force and effect of the verdict of a jury, as is specifically provided by Criminal Rule 26.01(b), V.A.M.R. See City of St. Louis v. Meixner, Mo.App., 285 S.W.2d 50.

■■ In the trial court's determination as the trier of fact, the matter of credibility must of necessity loom large. Even though the evidence is uncontradicted, the trier of fact is not required to believe all of such uncontradicted testimony, even in civil cases. See Mueller v. Mueller, Mo., 318 S.W.2d 365. Although we are here dealing with a civil case, it is quasi criminal in nature and the Rules of Criminal Procedure apply. In such cases, the City is required to prove the defendant's guilt beyond a reasonable doubt. This was pointed out in City of St. Louis v. Langeneckert, Mo.App., 210 S.W.2d 736, l. c. 738, where the court said:

> "The burden was on the plaintiff in this case to produce evidence of such a convincing nature as to convince the trier of facts that defendant was guilty of the offense charged beyond a reasonable doubt. Town of Glenwood v. Roberts, 59 Mo.App. 167; King City v. Duncan, 238 Mo. 513, 142 S.W. 246; City of Stanberry v. O'Neal, 166 Mo.App. 709, 150 S.W. 1104; Grant City v. Simmons, 167 Mo.App. 183, 151 S.W. 187."

In such a situation, the defendant can stand mute and thereby require the City to prove his guilt by evidence of all of the essential elements of the offense charged, beyond a reasonable doubt. See State v. Kimbrough, 350 Mo. 609, 166 S.W.2d 1077, and State v. Martin, 349 Mo. 639, 162 S.W.2d 847. The matter of credibility is for the trier of fact and unless and until the trier of fact is convinced of defendant's guilt beyond a reasonable doubt, the plaintiff is not entitled to a verdict of guilty. See State v. Helpley, Mo., 279 S.W. 701; State v. Bartlett, 359 Mo. 881, 224 S.W.2d 100; and State v. Wynn, Mo., 391 S.W.2d 245.

■ It is apparent that the evidence adduced by the plaintiff city did not convince the court sitting as the trier of fact that defendant was guilty beyond a reasonable doubt. The court specifically stated that the evidence raised a strong suspicion but did not convince him beyond a reasonable doubt. Plaintiff cites cases wherein the court was considering the issue of whether or not the evidence was sufficient to sustain a verdict of guilty and contends that since its evidence met the standards enunciated in these cases that it was entitled to a finding of guilt as a matter of law and that the trial court erred in discharging defendant. This argument of plaintiff is fallacious. Although the evidence in this case no doubt would have sustained a verdict of guilty, it does not follow that the city is entitled to such a verdict as a matter of law because the question of credibility is involved, as heretofore pointed out. Plaintiff has not cited any authority supporting this argument and considerable research by the writer has failed to reveal any similar cases where the prosecuting authority has appealed from a verdict of not guilty. The state in a criminal case cannot appeal from such a verdict and no reported Missouri case has been found where the city has done so.

■ We therefore conclude that this matter was taken by the trial court as submitted to it on the merits at the close of all the evidence and that the court did not err in deciding that the evidence offered by the city did not convince it beyond a reasonable doubt that the defendant was guilty.

Plaintiff argues in its brief that the court erred in finding that plaintiff did not establish the corpus delicti. The trial court did not make any specific reference to proof of the corpus delicti and what we have heretofore said disposes of this contention adversely to plaintiff.

■■ Plaintiff also complains that the court erred in failing to provide findings of fact and conclusions of law. It will be noted that immediately after the court announced that the defendant was discharged, the attorney for the city said: "Your Honor, the City will ask for statements of fact and conclusions of law, if we may." To this the court responded: "It's very simple. You failed to prove this person guilty beyond a reasonable doubt, * * *". In its reply brief, the city argues that it

requested permission to submit specific findings of fact and conclusions of law and that the trial court refused to grant this request. This contention is not borne out by the transcript. All that appears is that which has heretofore been quoted. Statements in plaintiff's brief which are not supported by the transcript cannot and will not be considered by this court. To do so would only be a waste of time. The transcript shows only a very general request by the city for findings of fact and conclusions of law. It does not show such a request as would entitle it to specific findings and conclusions as provided for in Criminal Rule 26.01(c). This rule requires the court, in court tried cases, to make "a general finding" which the trial court did, and in addition, it explained its finding as heretofore quoted, stating that plaintiff had failed to prove the defendant guilty beyond a reasonable doubt. In the absence of a specifc request, this is sufficient and we cannot find that the trial court erred in failing to make specific detailed findings of fact and conclusions of law on this appeal from the Municipal Court.

Finding no error, the judgment of the trial court discharging defendant is affirmed.

All concur.