Liston F. Coon, J.
This is an appeal from a judgment of conviction for speeding pursuant to subdivision (b) of section 1180 of the Vehicle and Traffic Law rendered in town court, Town of Reading, County of Schuyler on August 5, 1970. The traffic violation occurred on May 12,1969 on State Route No. 14 which, at that time, had a maximum speed limit of 50 miles per hour.
The defendant was issued a simplified traffic information by a member of the Schuyler County Sheriff’s department who, with a companion Deputy Sheriff, was maintaining a radar control along the highway at that time and place. Subsequently the arresting officer filed a bill of particulars pursuant to section 147-g of the Code of Criminal Procedure.
The simplified traffic information alleged, in the proper block, speeding at 68 miles per hour in a 50-mile per hour zone. On the line just above, marked “ Charge (if not specified below) ” appears the following: “ (Radar) ”, The bill of particulars, after reciting other pertinent and required information reads as follows: ‘1 The defendant was clocked by radar traveling at a speed of 68 miles per hour at a time and place where no greater speed than 50 miles per hour was permitted by the New York State Traffic Commission.”
Upon the trial, proof was limited by the Trial Justice in such a fashion as to result in a failure of proof as to a tested radar device. (See People v. Blattman, 50 Misc 2d 606.) However, the People, over objection of defense counsel, were permitted to introduce the independent opinion evidence of each of the Deputy Sheriffs as to the speed which defendant was traveling. Each testified that in his opinion defendant was traveling in excess of 60 miles per hour.
The record discloses that a proper foundation was laid for this opinion evidence and that each witness had an adequate opportunity to observe and to judge the speed of the vehicle. Defendant raises no question as to the requirements for such opinion evidence and that is not an issue here.
Ordinarily the evidence presented would be sufficient to establish grounds for a conviction. Speeding convictions may be *365 sustained upon a reading of an untested radar device plus the opinion testimony as to speed by qualified observers. (People v. Dusing, 5 N Y 2d 126.) In fact, in a proper case, opinion evidence of properly qualified police officers, uncorroborated by any mechanical device is sufficient to sustain a conviction for speeding where the variance between the estimated speed and maximum permissible speed is sufficiently wide. (People v. Olsen, 22 N Y 2d 230.)
It is the contention of the defendant, and hence the crucial issue in this case that, because the traffic information contained the word “ (Radar) ” in the block listed “ Charge ” and because the bill of particulars recited only the radar reading relative to speed, the People were limited to presenting evidence based solely upon the speed measured by that device. Implicit in this is that the opinion evidence was inadmissible and should have been excluded.
The District Attorney argues that this created no such limitation. The charge was not ‘ ‘ radar ” or “ radar speeding ’ ’ but ‘ ‘ speeding over the limit ’ ’ as marked on the information in violation of subdivision (b) of section 1180 of the Vehicle and Traffic Law.
Defendant relies upon People v. Weeks (39 Misc 2d 765, 768, revd. on other grounds 13 N Y 2d 944) in which the appellate court said, “ The purpose of a bill of particulars under section 147-g of the Code of Criminal Procedure is to amplify the violation set forth in the information and to limit the evidence. ’ ’
He further cites People v. Boback (23 N Y 2d 189, 195) in which the Court of Appeals, in a traffic case in which a simplified traffic information was used, said, “ The Constitution does require that the defendant be informed of the nature of the charge and the circumstances under which he is alleged to have violated the law. But the bill of particulars * * * fulfills this function.”
Defense counsel misconstrues both the import of these statements and the purpose of a bill of particulars in a criminal action.
The purpose of a bill of particulars is to give to the defendant reasonable information as to the nature and character of the crime charged in order to prepare his defense and in order to avoid the possibility of a second indictment for the same offense. (People v. Jordan, 128 N. Y. S. 2d 457.)
A defendant need not be informed in a bill of particulars of the precise nature of the evidence of the prosecution or state the theory upon which it will proceed or intended to be *366 relied upon by the District Attorney. (People v. Ricci, 59 Misc 2d 259.)
The purpose of a bill of particulars is not to enable counsel to examine the People’s case as on trial but to serve merely as a clarification of matter set forth in the instrument accusing him. (People v. Parkinson, 181 Misc. 603.)
In fact section 147-g of the Code of Criminal Procedure states that a bill of particulars to a simplified traffic information shall contain, ‘ ‘ a statement, in ordinary language, without setting items of evidence or necessarily setting forth all the elements of the violation, of such particulars as may be necessary to give the defendant and the court reasonable information as to the nature and character of the violation charged.” (Emphasis supplied.)
The bill of particulars in the case did this. It advised the defendant of the charge, the statute under which he was charged, the vehicle he was driving, the date, time and place where the violation occurred, the direction in which he was traveling and the manner in which the violation occurred.
This was fully adequate to advise him of the violation with which he was charged in order to prepare a defense and it certainly provided, with clarity, sufficient specificity to avoid the possibility of being charged in a second information for the same offense.
In the proper context, the bill of particulars did limit the evidence to proof of a speeding violation. Any attempt by the prosecution to introduce evidence of some additional violation would have been properly objectionable.
Likewise, if the defendant had been charged for example, with both improper turning and with crossing a double solid line and the bill of particulars related solely to the former charge, evidence on trial would be limited to that single charge.
The admission of opinion testimony on this trial was proper.
Although the record in this case supports the refusal of the Trial Justice to receive in evidence certain proof to establish that the radar device was properly tested, that circumstance might have been avoided. The court therefore deems it pertinent to expand upon the point for future possible application.
The two law officer witnesses testified as to the setting up and testing of the radar device. It was their testimony that the device was located within a proper sight range and proximity to the highway to be scanned. It was then attached to the proper indicating meter and power supply in the surveillance vehicle. The ‘ ‘ tuning fork test ’ ’ was then performed through *367 use of two tuning forks calibrated at 35 and 65 miles per hour. These registered precisely on the indicating meter. The ‘ ‘ chase car ’ ’ was then driven in each direction, through the radar zone at certain consistent speeds and by radio contact it was established that the speeds registered on the speedometer of the ‘1 chase car” checked out identically on the indicating meter. (At the close of that day’s surveillance this test was repeated.)
The prosecution then sought to introduce a speed calibration record for the “ chase car ” previously performed by a “ fifth wheel test ” by the Deputy Sheriff who took part in that test as driver of the car. However, the observer to that test was not available. The prosecution then sought to to have received in evidence the speedometer deviation record of that particular test without further foundation. Upon objection it was properly excluded.
Assuming that the proper foundation could have been laid, the District Attorney could have achieved his purpose if he had appropriately established its admissibility under the business entry exception to the hearsay rule. (See People v. Foster, 27 N Y 2d 47.)
Law enforcement agencies should heed the admonition of former Judge Van Voorhis of the Court of Appeals in his concurring opinion in People v. Dusing (5 N Y 2d 126, 131, supra): ‘ ‘ Cases involving untested speedometers and radar apparatus should not arise. Any objections which could be made to the introduction of evidence concerning the readings of such apparatus would be simply and easily overcome by making regular tests and keeping records of the tests in the books of the police department by which the tests were made. The offer in evidence under section 374-a of the Civil Practice Act [now CPLR 4518, subd. (a)] of such records indicating the routine testing of such devices would be all that is necessary.”
One other minor objection was raised as to the testing process. In testing the 35 miles per hour tuning fork and the 65 miles per hour tuning fork, it could not be established on trial that the officer reading the indicating meter knew which fork was being held in front of the radar device. With such a wide variation in the calibration of the two forks tested, any argument that this invalidated the testing process is specious.
The judgment of the trial court is in all respects affirmed.