**CITY OF KANSAS CITY, Missouri,**
**Respondent,**

v.

**William OXLEY, Appellant.**

**No. 61027.**

Supreme Court of Missouri,
En Banc.

April 10, 1979.

L. R. Magee, Hines & Magee, Kansas City, for appellant.

Clinton Adams, Jr., Aaron Wilson, City Atty., Louis W. Benecke, City Prosecutor, John B. Williams, Asst. City Prosecutor, Kansas City, for respondent.

*SIMEONE, Judge.*

This is an appeal from a judgment of the circuit court of Jackson County entered on February 11, 1977, wherein the defendant-appellant, William Oxley was fined $20.00 for exceeding the posted speed limit in the City of Kansas City in violation of a municipal ordinance. Mr. Oxley was originally charged by the City in the municipal court and was fined $20.00. Defendant appealed to the circuit court of Jackson County (Rule 37.38) where the charge was tried de novo (Rule 37.84). After a hearing before the court he was found guilty "beyond a reasonable doubt" of the charge of speeding and again fined $20.00. An appeal was taken to the Court of Appeals, Western District. That court in a majority opinion filed October 2, 1978 held that there was no substantial evidence to support the finding, reversed the cause and discharged the defendant. Two judges dissented. One of the judges certified that he deemed the opinion to be contrary to previous decisions of this court and the court of appeals and transferred the cause to this court. We have jurisdiction. We now decide the case as an original appeal under the provisions of Art. V, § 10, Mo.Const.

The facts are not complex but the legal issue is not easily resolved.

On December 1, 1976, Officer Terrence Dean of the Kansas City Police Department was located near 24 Highway and Smalley on a vacant lot "checking the speed of the vehicles on 24 Highway with the use of radar." When he first observed the vehicle driven by Mr. Oxley, Oxley was "approximately" "one and a half city blocks from my location." At that time Officer Dean stated that "Well, visually it appeared to me that he was exceeding the posted speed limit and at that time I checked his speed with the use of radar." The posted speed at that location was 35 miles per hour. Officer Dean stopped Mr. Oxley for exceeding the speed limit and issued a Uniform Traffic Ticket charging him with "Exceeded the Posted Speed Limit" "Driving 45 M.P.H. in 35 Radar."

At the circuit court hearing the officer was asked to describe the procedure he took in setting up his radar unit that day. He testified that tuning forks were struck and held in front of the radar gun—"[o]ne reading would read 50 miles per hour, the other one 35." The City sought to introduce certain certificates certifying the tuning forks, but after objection by defense counsel on the ground the certificates were hearsay, the objection was sustained. Then, at the circuit court hearing the following took place:

"Q. [By City Attorney] Officer, based upon your experience as a police officer with the Kansas City, Missouri Police Department, did you arrive at a speed that you believed was the speed of the vehicle operated by Mr. Oxley?

A. Yes, sir, I did.

Q. And what was that?

A. Approximately ten miles over the posted speed limit.

Q. Which would be what?

A. 45 miles an hour."

During the hearing the pertinent ordinance, § 34.90 was introduced. The City closed its case and the defendant moved for an acquittal which was overruled. Mr. Oxley testified that he was driving an 18-foot van truck, licensed for 24,000 pounds and denied he was exceeding the posted speed limit. At the conclusion of the hearing the court stated:

"I believe beyond a reasonable doubt [defendant] is guilty of the charge of speeding. The Court so finds."

The finding was based on the opinion evidence of the officer and not on radar evidence.

On appeal the appellant contends that the court erred in not entering a judgment of not guilty because the evidence does not support, beyond a reasonable doubt, that he was driving in excess of the posted speed limit in that there is no competent evidence to establish what speed the defendant was driving.

The question in this case is whether or not there was sufficient substantial evidence to convince the trier of the facts that defendant was guilty of speeding beyond a reasonable doubt.

Although we are dealing here with a municipal violation, the violation has criminal overtones [1] and in such a case, the City is required to prove the defendant's guilt beyond a reasonable doubt. *Kansas City v. Bradley,* 420 S.W.2d 68, 71 (Mo.App.1967). This was pointed out in *City of St. Louis v. Langeneckert,* 210 S.W.2d 736, 738 (Mo. App.1948) where the court said:

"The burden was on the plaintiff in this case to produce evidence of such a convincing nature as to convince the trier of facts that defendant was guilty of the offense charged beyond a reasonable doubt. [citing cases]." Quoted in *Bradley,* 420 S.W.2d at 71.

*See also City of St. Louis v. Boos,* 503 S.W.2d 133, 135 (Mo.App.1973); *Kansas City v. Howe,* 416 S.W.2d 683, 689 (Mo.App. 1967); *Kansas City v. Mathis,* 409 S.W.2d 280, 283 (Mo.App.1966).

1. See *State ex rel. Kansas City v. Meyers,* 513 S.W.2d 414 (Mo. banc 1974); *Kansas City v. Martin,* 369 S.W.2d 602, 608 (Mo.App.1963).

■ Over the years certain principles of law relating to the scope of review by an appellate court have become solidified. In considering the sufficiency of the evidence to support a conviction, the appellate court views the evidence most favorable to the prosecution and considers the favorable inferences reasonably to be drawn therefrom; evidence to the contrary is to be rejected. *State v. Strong,* 484 S.W.2d 657, 661 (Mo. 1972); *Kansas City v. Stamper,* 528 S.W.2d 767, 768 (Mo.App.1975); *State v. Gamache,* 519 S.W.2d 34, 39 (Mo.App.1975). The appellate court does not weigh the evidence nor judge the credibility of the witnesses, *State v. Wright,* 476 S.W.2d 581, 584 (Mo. 1972), but the scope of review in a criminal or "quasi-criminal" proceeding extends only to a determination of whether there is sufficient substantial evidence to support the verdict.

". . . We do not weigh the evidence to determine whether the charge has been proven beyond a reasonable doubt; that is a function of the [trier of facts]. . . . The scope of our review extends only to a determination of whether there is sufficient substantial evidence to support the verdict [finding] . . . ." *State v. Strong, supra,* 484 S.W.2d at 661.

See numerous cases in 9C Mo. Digest, Criminal Law, Key No. 1159.2(5).[2]

■ The phrase "substantial evidence" was analyzed in *State v. Gregory,* 339 Mo. 133, 96 S.W.2d 47 (1936). In *Gregory,* this court through Judge Ellison recognized the principle that where the judgment is supported by substantial evidence, the appellate court will not interfere. This is not because an appellate court lacks jurisdiction, but because the trial court is in a better position to weigh the evidence accurately and to determine whether the jury performed its duty fairly and impartially. But this court stated: "[w]e must in all cases scrutinize the record to see if the verdict was supported by substantial evidence." An analysis was made of the phrase "substantial evidence".

"To amount to more than a scintilla, that is, to be substantial, it has been said: 'The evidence must be of a character sufficiently substantial, in view of all the circumstances of the case, to warrant the [trier of the facts] in finding from it the fact to establish which the evidence was introduced.' [citing cases] In other words, substantial evidence is evidence from which the triers of the fact reasonably could find the issue in harmony therewith."[3] *Gregory,* 96 S.W.2d at 51–52.

In a criminal or quasi-criminal proceeding, since the test of substantial evidence is whether the trier of the facts reasonably could find the issue thereon, the review must depend in some measure upon the degree of persuasion required.

"In a criminal case liberty and sometimes life are involved, and there cannot be a conviction except upon a finding of guilt beyond a reasonable doubt. Necessarily, therefore, it becomes the duty of an appellate court as a matter of law to decide whether the evidence was sufficient to induce a belief of the defendant's guilt beyond a reasonable doubt in the minds [of the trier of the facts] . . ." *Gregory,* 96 S.W.2d at 52.

The only evidence here from which the court, as the trier of facts, could have found the defendant-Oxley guilty of speeding was that the officer, based on his experience as a police officer, arrived at a speed that he believed to be approximately ten miles over the posted speed limit of 35 m. p. h. The officer first observed defendant a block and a half away; there is nothing to indicate that the officer kept the defendant in view for at least one and one-half city blocks; there is no evidence that he "followed" the vehicle; no foundation was laid for the testimony; there was no evidence of "tim-

---

2. *State v. Wilson,* 544 S.W.2d 859 (Mo.App. 1976); *State v. Achter,* 514 S.W.2d 825 (Mo. App.1974).

3. That phrase is constantly used—*State v. Taylor,* 445 S.W.2d 282, 284 (Mo.1969); *Stamper,* 528 S.W.2d at 768; *State v. Kellick,* 521 S.W.2d 166, 168 (Mo.App.1975).

ing" (*Kansas City v. Hill,* 442 S.W.2d 89 (Mo.App.1969)); there was no evidence of corroborating mechanical devices. Apparently the officer was stationed in such a position so that the Oxley vehicle was coming toward him; the variance between the estimated speed and the posted speed was not great. The evidence is only that of an uncorroborated opinion of the officer that the defendant was exceeding the speed limit by approximately ten miles per hour over the posted speed. The uncorroborated opinion evidence in this case does not, in our opinion, rise to the level of "substantial evidence" in a "criminal proceeding" so as to warrant the court as trier of facts to find the fact of speeding. See *Gregory.*

We do no violence to the decisions which hold that the appellate court may not judge the credibility of the witnesses or weigh the evidence. As *Gregory* points out while the appellate court may not weigh the evidence in a criminal case if the finding is supported by substantial evidence, the appellate court must in all cases "scrutinize the record to see if the [finding] was supported by substantial evidence." *Gregory,* 96 S.W.2d at 51.

Nor do we do violence to the principle in civil cases that testimony estimating the speed of a vehicle is competent evidence to be given such weight as the trier of the facts may see fit. *Johnson v. Cox,* 262 S.W.2d 13 (Mo.1953); *Moon v. St. Louis Transit Co.,* 237 Mo. 425, 141 S.W. 870 (1911); *Walsh v. Missouri Pac. Ry. Co.,* 102 Mo. 582, 14 S.W. 873 (1890). We deal here with a "criminal" proceeding where the standard of proof is of a higher caliber.

All we hold is that under these facts the testimonial opinion of the officer as to the defendant's rate of speed is not substantial evidence upon which to support a finding of guilt.

Decisions in other jurisdictions do not control the issue raised here. In *People v. Olsen,* 22 N.Y.2d 230, 292 N.Y.S.2d 420, 239 N.E.2d 354 (1968), the question presented was whether the opinion evidence of police officers, properly qualified to testify as experts, is sufficient to sustain a conviction

for speeding. The officers testified they had independently observed the vehicle proceeding at speeds estimated between 50 and 55 miles per hour in a 30 m. p. h. zone. The Court of Appeals held opinion evidence in a proper case uncorroborated by mechanical devices will be sufficient to sustain a speeding conviction. The court held that a police officer's estimate that defendant was traveling at 50–55 m. p. h. in a 30 mile an hour zone should be sufficient to sustain a conviction for speeding. But the court observed that such testimony, absent mechanical corroboration, might be insufficient since it must be assumed that only a mechanical device could detect such a slight variance with accuracy sufficient to satisfy the burden necessary to sustain a conviction. In *Olsen,* the variance was wide and the court gave the clear impression that such opinion evidence may well not be sufficient if the variance were less.

In *People v. Smalley,* 64 Misc.2d 363, 314 N.Y.S.2d 924 (1970), opinion evidence of deputy sheriffs was admitted as to the speed defendant was traveling—in excess of 60 m. p. h. There, however, a proper foundation was laid as to the witnesses and defendant raised no question as to the requirements for such opinion evidence "and that is not an issue here."

In *City of Milwaukee v. Berry,* 44 Wis.2d 321, 171 N.W.2d 305 (1969), the estimate of speed was based upon reference points, the officer had sufficient time to calculate the speed, and the vehicle was moving crosswise in front of him. The court held that the testimony that the defendant's speed was approximately 50 miles per hour was definite, objective and probative on the issue of speeding over 30 miles per hour because the exact speed in excess of 30 miles per hour is unimportant; 35 miles per hour would be as good as 50 to prove the offense. This case is distinguishable from the instant case because the standard for determining whether the evidence was sufficient to meet the burden of proving the violation was "clear, satisfactory and convincing evidence".

These decisions, in our opinion, do not control the instant proceeding—they are ei-

ther distinguishable or permit a different standard of proof.

We hold under the facts here the City failed to prove by "substantial evidence" that the defendant was guilty of speeding and that the judgment should be reversed.

The judgment is reversed and the defendant is discharged.

All concur.