IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
December 2, 2021 Session

## METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY, TENNESSEE v. ABDIQANI GELLE

**Appeal from the Circuit Court for Davidson County
No. 20C445  Kelvin D. Jones, Judge**

_____

**No. M2020-01360-COA-R3-CV**

_____

**DISSENTING OPINION**

John W. McClarty, J., dissenting.

The majority affirms the trial court's judgment that the defendant, Abdiqani Gelle ("Defendant"), violated a reckless driving city ordinance, Metropolitan Code of Law §12.68.180, by driving 65 miles per hour in a 45-mile-per-hour zone.  The trial court determined that Defendant had failed to rebut the presumption created by the ordinance that he demonstrated "a willful and wanton disregard for the safety of persons or property," i.e., drove recklessly.  Defendant challenges the constitutionality of the ordinance. Specifically, Defendant raises the issue of whether the ordinance violates his due process rights under the Tennessee Constitution, article 1, section 8, whether the Metropolitan Government of Nashville and Davidson County ("Metro") has jurisdiction to administer a "criminal-type punishment" due to violation of its ordinance, and whether such punishment would violate Defendant's rights under the Tennessee Constitution, article 1, section 16.[1] Metro argues that Defendant waived the issues by failing to properly raise them during the trial proceedings.

Metropolitan Code of Law §12.68.180 provides as follows:

A.  It is unlawful for any person to drive any vehicle upon the streets of the metropolitan government or upon any private road or driveway or parking area in a wilful and wanton disregard for the safety of persons or property.

---

[1] Section 8 of Article 1 of the Tennessee Constitution provides:  "That no man shall be taken or imprisoned, or disseized of his freehold, liberties or privileges, or outlawed, or exiled, or in any manner destroyed or deprived of his life, liberty or property, but by the judgment of his peers or the law of the land."  Section 16 of Article 1 provides:  "That excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."

**Any person who drives any vehicle at a speed of fifteen or more miles per hour than the posted speed limit upon any streets of metropolitan government or upon any private road or driveway or parking area in any residence district shall be presumed to be driving in a wilful and wanton disregard for the safety of persons or property and the burden of proof shall be upon the driver to establish that they were not driving with such disregard.**

Code, 12.68.180 Reckless driving (emphasis added). The majority finds that Defendant's issues concerning constitutionality of the ordinance were not properly raised before or decided by the trial court; also, the majority concludes that the ordinance is not facially unconstitutional, and that Defendant has waived his issues regarding the constitutionality of the ordinance. It acknowledges that Defendant argued that the ordinance was unconstitutional during opening statements, but it describes the arguments as "vague references to the ordinance being unconstitutional or a violation of due process" that were "only minimally addressed by Defendant…." The majority concludes: "Regardless of whether raising an issue during opening arguments could be considered timely, it is clear that Defendant failed to include sufficient specificity as to the reasoning behind his argument that the ordinance was unconstitutional or a violation of due process."

During opening arguments, the following transpired:

DEFENDANT'S ATTORNEY: And the legal argument would be that the -- this type of a rebuttable presumption of shifting of the duty of proof in this case would constitute conflict or assault of contradiction with the due process. And the first argument that comes to mind in this case would be well, this should be allowed because this is all a civil matter….

So the main reason that this is not -- this crosses over the procedural line is a substantive problem due process is because of the consequences. And even though this is a civil matter, the -- it's a traffic -- [Defendant has] been charged by a government for driving reckless. And before the government he now has to prove that he -- that he's innocent or that he wasn't driving reckless. That's the shifting of the burden in this case. If he loses, if there's a conviction, as a commercial driver the facts would show that he would receive at least seven points on his driving license for this type of an act and it will show up on his driving record as reckless driving. It doesn't distinguish between oh, this is just a city case. It's reckless driving. It could be construed as a violation of the TCA even by looking at the MVR [Motor Vehicle Record]. So the consequences are severe enough I think, Your Honor, to create a due process problem here. Even though it's not criminal, it's -- even a traffic case is considered -- the best definition is quasi-criminal. And I think that exists in this case even though it's just a civil statute with a

civil penalty. The consequences are the same as if he was charged with a state -- if he's found guilty of a state offense, except for the jail time and the fine. So that's the --

THE COURT: So the argument is it's a due process issue here or what's the argument?

DEFENDANT'S ATTORNEY: Well, I don't know if it would be due process or unconstitutional, but it seems like the burden shifting has to do with the process of the law. If [Defendant] has to convince this Court that he's innocent, that creates a problem with the procedure of law, it seems to me, but it may be that it's just not constitutional.

At the conclusion of trial, the following transpired between the trial court and Defendant's counsel:

DEFENDANT'S COUNSEL: And, Your Honor, I really don't believe that [Defendant] should have to prove that he's not reckless driving. As reckless driving is what he's charged with then that's what's going to go on his record.

THE COURT: I don't think [Defendant] has to prove a thing.

DEFENDANT'S COUNSEL: Well, according to the statute --

THE COURT: I'm not placing the burden on [Defendant].

DEFENDANT'S COUNSEL: All right. That's all I have, Your Honor.

Following the bench trial, the trial court entered an order, stating as follows:

Based upon all the evidence presented, the testimony of Metropolitan Nashville Police Department Officer Christopher Augustin, the testimony of the Defendant, and the argument of counsel, the Court finds that on December 28, 2019, the Defendant was driving his vehicle at a speed of sixty-five (65) miles per hour where the posted speed limit is forty-five (45) miles per hour along Murfreesboro Pike near the intersection of Knight Valley Drive.

\* \* \*

Accordingly, [Metro] has met its burden to prove that the Defendant was driving at a speed of twenty (20) miles per hour more than the posted speed limit on a metropolitan street. The Defendant presented no proof to rebut the

presumption that the Defendant was driving in a willful and wanton disregard for the safety of persons or property. Therefore, the Defendant is guilty of violating Metropolitan Code of Law §12.68.180.

Defendant asserts that section 12.68.180(A) creates an impermissible rebuttable presumption by shifting the burden of proof upon him to prove that he was not engaging in an act of willful and wanton disregard for which Metro did not have to offer any proof. Additionally, he argues that the points he will receive on his driving record for reckless driving is a harsh and excessive punishment outside Metro's jurisdiction, which is only authorized to administer punishment for a civil offense in the form of a fine up to $50. "[P]roceedings for a municipal ordinance violation are civil in nature, at least in terms of technical application of procedure...." *City of Chattanooga v. Davis*, 54 S.W.3d 248, 259 (Tenn. 2001). Nevertheless, Tennessee courts have observed that such ordinances reflect a "clear intent...to punish the [violator] and to deter similar conduct in the future" that is akin to the concerns animating the state's criminal traffic laws. *City of Knoxville v. Brown*, 284 S.W.3d 330, 338 (Tenn. Ct. App. 2008).

As noted by Defendant, a plain reading of the language of the ordinance at issue indicates that anyone driving 15 miles per hour over the posted speed limit is automatically accused of driving recklessly, with willful and wanton disregard, before he gets to the courthouse. Defendant is required to prove he is not guilty of a more serious element of the code, willful and wanton disregard, than the element Metro is required to prove. At trial, Metro's only element and burden of proof is a 'Laser' detected speed that Defendant was driving 15 miles per hour over the posted speed limit. Metro does not have to offer any proof of Defendant's alleged willful conduct of wantonly disregarding the safety of persons and property of others. Metro does not have to prove a single element of the offense of reckless driving. Disputing the 'Laser' speed detection devices used by Metro offers a defendant essentially no hope of proving that he was not driving recklessly. Defendant, in the middle lane, was trapped in traffic with six cars around him. There is no way for him to rebut the presumption that the officer pointed the laser device properly. There is no way for him to establish that the officer registered the speed of another vehicle rather than his. In my view, this amounts to more than a mere shifting of the burden in a fair and reasonable rebuttable presumption. The burden of proving willful conduct that rises to the level of wanton disregard for safety of persons and property of others should require good, strong evidence, more than just proving a designated speed. This would be harder to prove, but not more difficult than standing before the judge in open court trying to prove the contrary. This reckless driving ordinance amounts to an unequal and unreasonable shifting of the burden of proof.

Although rebuttable presumptions in civil cases are generally permitted, prosecutions for municipal ordinance violations are civil proceedings with quasi-criminal aspects. Because of the quasi-criminal nature of ordinance violations, the burden should be on Metro to produce evidence of such a nature as to convince the trier of facts that

Defendant was guilty of the offense charged beyond a reasonable doubt. *City of Kansas City v. Oxley*, 579 S.W.2d 113, 114 (Mo. banc 1979) (internal quotations omitted). The rules regarding presumptions in criminal cases are more restrictive because an evidentiary device such as a presumption or inference "must not undermine the factfinder's responsibility at trial, based on evidence adduced …, to find the ultimate facts beyond a reasonable doubt." *County Court of Ulster County v. Allen*, 442 U.S. 140, 156, 99 S.Ct. 2213 (1979) . Specifically, in *Sandstrom v. Montana*, the United States Supreme Court held unconstitutional mandatory rebuttable presumptions that have the effect of shifting the burden of persuasion to the defendant on an element of the crime charged because it violates the accused's due process right to have the prosecution prove beyond a reasonable doubt every fact necessary to constitute the crime charged. 442 U.S. at 517–18, 99 S.Ct. 2450 (1979). The fact that Metro's ordinance may have an effect on Defendant's driver's license and insurance cost strengthens my belief that the law regarding presumptions in criminal cases should be applied in this situation.

Metro's intent to enact an ordinance creating a rebuttable presumption that shifts the burden of persuasion, requiring Defendant to prove to the factfinder—the municipal judge in this case—that he was not driving recklessly, relieves Metro from proving an element of the violation charged beyond a reasonable doubt and is, in my view, impermissible under *Sandstrom*, 442 U.S. at 517–18, 99 S.Ct. 2450. Therefore, I find the ordinance is unconstitutional because it creates a mandatory rebuttable presumption that shifts the burden of persuasion onto a defendant.

Accordingly, I respectfully dissent.

_____
JOHN W. MCCLARTY, JUDGE