# Richmond.

## BARKER v. COMMONWEALTH.

### DECEMBER 20th, 1894.

1. CRIMINAL PROCEEDINGS—*Seduction—Evidence.*—At trial for felonious seduction, *held*, the character of the house—whether of ill or good repute—where prosecutrix resided prior to her alleged seduction, may be proved by evidence of particular facts, not the conclusions of the witness, and not by general reputation.

2. IDEM—*Compromise—Instructions.*—At such trial the jury were instructed that no compromise between the parties, or any one else, could bar the prosecution : HELD : No error ; nor is an instruction in the language of the statute, Code, ? 3677.

3. IDEM—*Duty of jury—Instruction.*—It being no more the duty of the jury to *endeavor* to acquit than to convict, an instruction that the jury should endeavor to reconcile all the evidence with the presumption of the innocence of the accused : *held :* properly denied.

4. IDEM—*Chastity—Burden of proof.*—In a prosecution for felonious seduction, the chastity of the prosecutrix is presumed by the law, and the burden of impeaching it lies on the accused.

5. IDEM—*Venire facias.*—The jury for the trial of a felony must be brought in under a writ of *venire facias,* and the failure of the record to show that fact : *held :* reversible error.  *Myers* v. *Commonwealth, ante* p. 785.

6. *Quære* as to the extent to which the testimony of the prosecutrix must be supported by other evidence under Code, ? 3679, in order to sustain conviction of accused.  *Hausenfluck's Case,* 85 Va., 802.

Error to judgment of county court of Henry county, pronounced November 22, 1892, in a prosecution against the plaintiff in error for seduction; a writ of error having been refused by the judge of the circuit court of that county. Opinion states the case.

*S. A. Anderson* and *W. H. Gravely,* for plaintiff in error.

*Attorney-General R. Taylor Scott,* for commonwealth.

LEWIS, P., delivered the opinion of the court.

The prisoner was indicted and convicted, under section 3677 of the Code, for the seduction, under promise of marriage, of the prosecutrix, an unmarried female of previous chaste character. Numerous exceptions were taken to rulings of the court during the progress of the trial, which, so far as it is necessary to notice them, will be considered in the order in which they are presented.

1. The first relates to the exclusion of evidence offered by the defendant to show the character of the house—whether as a house of ill or good repute—at which the prosecutrix resided prior to her alleged seduction. It is contended that the evidence ought to have been received as relevant to the question of the previous chaste character of the prosecutrix, which was directly in issue. But we are of opinion that the character of the house could not be shown by general reputation, but only by proof of particular facts. *Kenyon* v. *People,* 26 N. Y., 203.

2. At a subsequent stage of the trial a witness for the defendant was asked to state to the jury from facts within his own knowledge whether the house was "a bawdy house or a house of respectability," whereupon the attorney for the commonwealth objected, and the court sustained the objection, but said the witness might be asked to state whether any one visited the prosecutrix at her mother's home, or anywhere else, for the purpose of prostitution or lewdness. Counsel for the prisoner declined to ask the latter question, and excepted to the ruling of the court. We are of opinion that the exception is not well taken. The first question was altogether too general. The witness ought to have been asked to state facts, and not his own conclusions.

3. The subject of the next assignment of error is the action of the court in instructing the jury that no compromise between the prosecutrix and the prisoner, or any one else, could bar a prosecution by the commonwealth for the crime charged in the indictment. There was no error in this instruction. *State* v. *Deitrick*, 51 Iowa, 467.

4. The court also instructed the jury that if they believed from the evidence beyond a reasonable doubt that the prosecutrix was an unmarried female of previous chaste character at the time of her alleged seduction, and that she was seduced by the prisoner by having illicit connection with her under promise of marriage, they should find him guilty. This instruction is substantially in the language of the statute, and propounds the law correctly. Illicit connection accomplished by means of a promise to marry, in a case like the present, constitutes the offence charged in the indictment, and made punishable by the statute. *Kenyon* v. *People*, 26 N. Y., 203; *Boyce* v. *People*, 55 *Id.*, 644; *State* v. *Heatherton*, 60 Iowa, 175.

5. Among the instructions offered by the prisoner was the following, viz.: " The court instructs the jury that the prisoner comes to trial presumed to be innocent, and this presumption extends to the close of the trial; and the jury should endeavor to reconcile all the evidence with this presumption." In lieu of this the court instructed the jury that " the prisoner comes to trial presumed to be innocent, and this presumption continues until it is rebutted by the commonwealth beyond a reasonable doubt; and the jury cannot convict unless they can reconcile from the evidence the guilt of the prisoner with all the necessary allegations of the indictment."

There was no error in this ruling. The instruction offered by the prisoner was calculated to mislead the jury. It was the duty of the jury to weigh the evidence carefully, and to pass upon it dispassionately, and to give the prisoner the benefit of any reasonable doubt; but it was no more their duty to *endeavor* to acquit him than to convict him.

6. Nor was there prejudicial error in giving, in lieu of another instruction offered by the prisoner, the following instruction, viz.: "Although the jury may believe from the evidence beyond a reasonable doubt that the prisoner had illicit connection with the prosecutrix under promise of marriage, and may have thought at the time that she was a female of previous chaste character, yet they must find him not guilty if they believe she was unchaste at the time of said seduction."

It was argued at the bar in this connection, that it devolved upon the commonwealth to prove affirmatively, in order to convict the prisoner, that the prosecutrix was of previous chaste character, and that the jury ought to have been so instructed. But such is not the law. On the contrary, chastity is presumed, and the burden was on the prisoner to impeach it. *People* v. *Clark*, 33 Mich., 112; *Polk* v. *State*, 40 Ark., 482; *State* v. *McClintic*, 73 Iowa, 663; *Wilson* v. *State*, 73 Ala., 527. In *People* v. *Brewer*, 27 Mich., 134, Judge Cooley, speaking for the court, said: "The last error we shall notice is, that the court erred in instructing the jury that the law presumes a woman to be chaste until the contrary is shown. We believe this instruction to be correct. The presumption of law should be in accordance with the general fact; and whenever it shall be true of any country that the women, as a general fact, are not chaste, the foundations of civil society will be wholly broken up. Fortunately in our country an unchaste female is comparatively a rare exception to the general rule; and whoever relies upon the existence of the exception in a particular case should be required to prove it."

7. The statute, however, provides (sec. 3679) that no conviction shall be had upon the testimony of the female seduced, unsupported by other evidence; and it was earnestly contended at the bar that the conviction in the present case is not warranted by the evidence.

The statutes of the several States generally require that the evidence of the woman be corroborated before a conviction

can be had; but the statutes and decisions differ as to the extent of the corroboration necessary. In some jurisdictions every material fact must be corroborated, while in others it is sufficient if the corroboration extends to the promise of marriage and to the intercourse, or to the promise alone. In New York, whose statute is similar to ours, the established rule is that the corroboration need extend only to the promise and the intercourse, and that the supporting evidence need be such only as the character of these matters admits of being furnished. 21 Ency. of Law, tit. "Seduction," 1051; *Kenyon* v. *People*, 26 N. Y., 203; *Armstrong* v. *People*, 70 *Id.*, 38.

In *Hausenfluck's Case*, 85 Va., 702, it was said that to convict the accused the woman must be corroborated, but to what extent was not decided, because in that case there was, in fact, corroborating evidence on every point. And it is unnecessary to decide the question or to review the evidence, in the present case, because, as was pointed out at the bar, it is not shown by the record that the jury that tried the case were legally summoned; that is to say, that they were brought in under a writ of *venire facias;* for which essential defect in the record the judgment must be reversed, and the case sent back for a new trial; the case in this particular being ruled by what was decided in the case of *Myers* v. *Commonwealth, ante* p. 785.

JUDGMENT REVERSED.