# Richmond

RAY WILLIAM ALLEN v. COMMONWEALTH OF VIRGINIA.

April 26, 1971.

Record No. 7374.

Present, All the Justices.

*Paul Whitehead*, for plaintiff in error.

*A. R. Woodroof, Assistant Attorney General (Andrew P. Miller, Attorney General*, on brief), for defendant in error.

HARMAN, J., delivered the opinion of the court.

Ray William Allen (defendant) was tried by a jury and found guilty of a felony indictment charging a violation of Code § 46.1-176

commonly referred to as the "hit and run" statute. His punishment was fixed by the verdict at 30 days in jail and a fine of $100.00. We granted a writ of error and supersedeas to the order of the trial court sentencing the defendant on this verdict.

The two issues presented by this appeal are:

(1) the sufficiency of the evidence to sustain the conviction; and

(2) the failure of the trial court to give an instruction on the presumption of innocence.

The evidence discloses that Virginia Elizabeth Habich was injured when the bicycle she was riding was struck by an eastbound car between Timberlake and Lynchburg on State Highway 297 in Campbell County on May 25, 1968. The incident occurred during the daylight hours at approximately 7:30 p.m.

The victim, a young girl, was riding her bicycle near the south edge of the pavement of the four-lane divided highway when she was injured. The collision between the bicycle and the car was observed by two witnesses in an eastbound station wagon which was following the "hit and run" vehicle.

The car that struck the bicycle did not stop after the impact but continued east toward Lynchburg.

The investigating officer, State Trooper T. R. Sexton, happened upon the scene a few minutes later, while engaged in a routine patrol of Route 297. At the time of his arrival the victim had not been removed to a hospital.

The eyewitnesses, Mrs. Hiram T. Jones and Miss Jessie Lindsay, testified that, while riding east in Mrs. Jones' station wagon, they approached a maroon car with a black top some distance west of the point where the accident occurred. This car was being driven in an erratic manner in that it was weaving from side to side in the highway. Mrs. Jones "dropped back" and followed at some distance to the point where the bicycle was struck. Mrs. Jones and Miss Lindsay stopped at the scene and rendered assistance to the injured girl.

Upon Trooper Sexton's arrival the witnesses related to him what they had observed. Neither Mrs. Jones nor Miss Lindsay had obtained the license number of the maroon and black car; neither could identify the make or model of the vehicle; neither could say whether the "hit and run" vehicle was occupied by anyone other than the driver; and neither could state whether the driver was a man or a woman.

At approximately 11:30 p.m. on the same date, Trooper Sexton

examined a maroon 1967 Ford convertible automobile with a black top which was parked at a grocery store on Perrymont Avenue in Lynchburg. This car, which belonged to the defendant, had traces of blue and green paint on the right end of the front bumper and dents on the side of the right front fender.

When asked if he had compared the paint on the bumper of defendant's car with the paint on Virginia's bicycle, Trooper Sexton testified: "No, sir. When I went to scrape the paint off it came off in dust. I couldn't get a piece even to try to match it." Virginia's bicycle was described as "painted blue with green over top of it."

Trooper Sexton interviewed the defendant the following morning, May 26, at the police station in Lynchburg. He testified that defendant told him that he had driven from Timberlake to Lynchburg on the preceding evening. Defendant was unable to remember what time he left Timberlake but "he remembered running off the road twice, hitting the shoulder twice on the gravel." Defendant denied striking the bicycle.

Miss Lindsay and Mrs. Jones, at the request of the police, went to an automobile dealership in Lynchburg on the morning of May 26. They were met there by Sergeant Witt, a police officer, who accompanied them to a parking lot where they looked at defendant's car and identified it as the "hit and run" vehicle.

Mrs. Jones testified: "I said it was the same car. As far as I could tell it was the same car, and after seeing the right front fender I felt sure it was."

When asked whether she could identify defendant's car as the "hit and run" vehicle when she first observed it, Miss Lindsay replied: "Not until I walked around in front and saw the dent on the front fender and the blue paint on it." Later, when asked if that was the only way she had to identify defendant's car as the "hit and run" vehicle, Miss Lindsay responded: "That is the way I figured it was the car."

■ When the sufficiency of the evidence is challenged after conviction it is our duty to view it in the light most favorable to the Commonwealth, granting all reasonable inferences fairly deducible therefrom. The judgment should be affirmed unless it appears from the evidence that such judgment is plainly wrong or without evidence to support it. *Corbett* v. *Commonwealth*, 210 Va. 304, 306, 171 S.E.2d 251, 252-3 (1969); *Cameron* v. *Commonwealth*, 211 Va. 108, 110, 175 S.E.2d 275, 276 (1970).

■ It is not sufficient to create a suspicion or probability of guilt, but the evidence must establish guilt of the accused beyond a reasonable doubt. It must exclude every reasonable hypothesis except that of guilt. The guilt of the party is not to be inferred because the facts are consistent with his guilt, but they must be inconsistent with his innocence. *Corbett v. Commonwealth, supra; Cameron v. Commonwealth, supra.*

Applying these principles of law to the evidence in this case, we conclude that the evidence was insufficient to support the conviction. The evidence establishes that a maroon car with a black top was the "hit and run" vehicle; the defendant owned a maroon convertible Ford car with a black top; the accident occurred between Timberlake and Lynchburg on Route 297 at approximately 7:30 p.m. on May 25, 1968; on the same date defendant drove his car from Timberlake to Lynchburg at some unknown hour in the evening by some route which is not disclosed by the evidence; defendant, in traveling to Lynchburg, twice drove into the gravel on the shoulder of the road; defendant's car, approximately four hours after the incident, had blue and green paint on the right side of the front bumper and the side of the right front fender was damaged; and Virginia's bicycle was "painted blue with green over top of it."

The witnesses who identified defendant's car as the "hit and run" vehicle candidly admitted that their identification was predicated upon conclusions drawn by them after viewing the bumper and fender of defendant's car. In the absence of blue paint on the bumper and the damaged fender the record shows that they would not have so identified defendant's car as the "hit and run" vehicle.

While the evidence as a whole may create a strong suspicion of guilt, it does not exclude every reasonable hypothesis except that of guilt so the judgement will be reversed.

■ Since the Commonwealth may elect to again proceed against the defendant it is appropriate that we comment briefly on the failure of the trial court to give an instruction on the presumption of innocence.

The trial court refused Instruction B tendered by the defendant. This instruction would have told the jury of the presumption of innocence and the weight to be afforded this presumption. A review of the instructions granted reveals that nowhere else was the jury instructed on the presumption of innocence afforded the defendant. The failure of the trial court to adequately instruct the jury on the

presumption of innocence when such an instruction is requested is reversible error. *Carson* v. *Commonwealth*, 188 Va. 398, 412, 49 S.E. 2d 704, 710 (1948).

The judgment below is reversed, the jury's verdict is set aside and the case is remanded for a new trial if the Commonwealth be so advised.

*Reversed and remanded.*