**KANSAS CITY, Missouri, Respondent,**

v.

**Keith R. STAMPER, Appellant.**

**No. KCD 27141.**

Missouri Court of Appeals,
Kansas City District.

Oct. 6, 1975.

Roy W. Brown, Kansas City, for appellant.

Aaron A. Wilson, City Atty., Louis Benecke, City Prosecutor, Walter J. O'Toole, Jr., Asst. City Prosecutor, Kansas City, for respondent.

Before SOMERVILLE, P. J., and PRITCHARD, C. J., and TURNAGE, J.

PRITCHARD, Chief Judge.

Appellant was convicted of leaving the scene of an accident under Section 34.114, Revised Ordinances of Kansas City, Missouri, a misdemeanor. Three assignments of error have been raised on this appeal, two of which concern the sufficiency of the information and the fact that an unendorsed witness was allowed to testify at the trial in circuit court. However, this court need not consider these points as appellant's third point, that the evidence was insufficient to sustain his conviction, has merit and is dispositive of this appeal.

At the outset, the general rule should be stated that in considering the sufficiency of the evidence to support a conviction this court views the evidence in the light most favorable to the prosecution, accepting all substantial evidence and legitimate inferences fairly deducible therefrom and rejecting contrary and contradictory evidence. *State v. Hopkins,* 500 S.W.2d 264 (Mo.App.1973); *State v. Hughey,* 404 S.W.2d 725 (Mo.1966). Substantial evidence means evidence from which the trier of fact reasonably could find the issue in harmony therewith. *State v. Scaturro,* 509 S.W.2d 491 (Mo.App.1974).

Viewed in the light most favorable to the city, the evidence here tends to show that on the evening of June 28, 1973, appellant was stopped near the intersection of 51st and Main in Kansas City, Missouri, by an Officer Moran of the Kansas City, Missouri Police Department. Officer Moran had observed appellant run a red light at the intersection at which time appellant appeared to be speeding. While appellant was in the officer's custody the latter received a hit-and-run dispatch over the radio and at that time observed a chrome strip around the radio antenna of appellant's car. In the meantime, one Officer Burnett, also of the Kansas City, Missouri Police Department, had been dispatched to the scene of the hit-and-run at 53rd and Wornall Road in Kansas City, Missouri, and issued a pick-

up order for a late model, light colored two-door hardtop. Appellant was driving a 1969 Oldsmobile Cutlass, two-door, with a light tan vinyl roof over a yellow body. Officer Moran contacted Officer Burnett concerning the type of vehicle involved, and the latter responded to the scene and viewed the chrome strip. Appellant informed the officers that he did not know how the chrome strip had become placed around his antenna and denied involvement in the accident.

The vehicle which was struck was a black 1965 Chevrolet Malibu. The damage, which was to the left side of the vehicle, appeared to be fresh and light yellow paint chips were found on the ground close to the car. The chrome strip taken from appellant's car appeared to fit the Malibu. There was damage to the right front fender of appellant's car with a black paint smear on that part of the vehicle.

Under the evidence as adduced by and viewed in a light most favorable to the city, this court may agree with appellant's contention that the evidence is insufficient to show appellant was driving the car at the time of the accident. The city relied on the circumstantial evidence of damages to the vehicle, the fact that when arrested appellant was alone in his vehicle, in the vicinity of the accident and apparently at the approximate time thereof. Moreover, the city points to the fact that appellant was speeding, that he ran a red light, and that he had no explanation for the presence of the chrome strip as indicative of guilt.

While the evidence adduced is sufficient to prove that the vehicle driven by appellant was involved in the hit-and-run accident, there is not substantial evidence that appellant was the driver of the vehicle at the time of the accident. The city here has done no more than create a suspicion or probability of guilt and has failed to establish guilt beyond a reasonable doubt. This conclusion is supported by an examination of the following cases in which the sufficiency of evidence was in issue. *Allen v. Commonwealth,* 211 Va. 805, 180 S.E.2d 513 (1971); *State v. Jones,* 259 Iowa 375, 144 N.W.2d 120 (1966); *State v. Weaver,* 259 Iowa 1369, 147 N.W.2d 47 (1966); *Commonwealth v. Rand,* 296 N.E.2d 200 (Mass.1973); *Commonwealth v. Shea,* 88 N.E.2d 645 (Mass.1949); *State v. Bruns,* 522 S.W.2d 54 (Mo.App.1975); and *State v. Dodson,* 496 S.W.2d 272 (Mo.App.1973).

The judgment of the trial court is reversed.

All concur.