## Richmond

JAMES WALTON YAGER

V.

COMMONWEALTH OF VIRGINIA

November 21, 1979.

Record No. 790201.

Present: All the Justices.

David N. Crump, Jr. (*Largent, Anderson, Larrick, Groves and Crump*, on brief), for appellant.

Robert H. Anderson, III, Assistant Attorney General (*Marshall Coleman, Attorney General*, on brief), for appellee.

COMPTON, J., delivered the opinion of the Court.

In this criminal appeal, the significant issue is whether the trial court committed reversible error in refusing to instruct the jury on the presumption of innocence accorded an accused.

Defendant James Walton Yager was indicted under Code § 46.1-387.8 for unlawfully and feloniously operating a motor vehicle after having been declared an habitual offender and while the order of court prohibiting such operation remained in effect.[1] Tried by a jury

---

[1] § 46.1-387.8. Operation of motor vehicle by habitual offender prohibited; penalty; enforcement of section.—It shall be unlawful for any person to operate any motor vehicle in this State while the order of the court prohibiting such operation remains in effect, except that such an order shall not operate to prevent or prohibit such person from operating a farm tractor upon the highways when it is necessary to move such tractor from one tract of land used for agricultural purposes to another tract of land used for the same purposes, provided that the distance between the said tracts of land shall not exceed five miles. Any person found to be an habitual offender under the provisions of this article who is thereafter convicted of operating a motor vehicle in this State while the order of the court prohibiting such operation is in effect, shall be punished by confinement in the penitentiary not less than one nor more than five years and no portion of such sentence shall be suspended, except that in cases wherein such operation is necessitated in situations of apparent extreme emergency which require such operation to save life or limb, said sentence, or any part thereof may be suspended.

For the purpose of enforcing this section, in any case in which the accused is charged with driving a motor vehicle while his license, permit or privilege to drive is suspended or revoked or is charged with driving without a license, the court before hearing such charge shall determine whether such person has been held an habitual offender and by reason of such holding is barred from operating a motor vehicle on the highways of this State. If the court determines the accused has been so held, it shall certify the case to the court of record of its jurisdiction for trial.

upon his plea of not guilty, the accused was found guilty as charged and sentenced to two years' imprisonment. The trial court confirmed the jury's determinations in a December 1978 judgment of conviction, from which we granted this appeal.

Only two witnesses testified during the brief trial. The arresting officer stated that in April of 1978, he observed defendant, a resident of Front Royal, operating a motor vehicle on a public highway in Warren County. Having previously determined that Yager was an habitual offender, the officer arrested defendant who then exhibited a valid Maryland driver's license. At trial, the Commonwealth introduced into evidence a certified copy of a 1972 court order declaring Yager an "habitual offender" and prohibiting him from operating a motor vehicle on the highways of Virginia. Defendant's wife testified only to matters in mitigation.

At the conclusion of the evidence, the jury was charged in one instruction.[2] Over defendant's objection, the trial court refused to give Instruction 3,[3] which focused on the Commonwealth's burden to prove

---

[2] Instruction 1 provided:

The Court instructs the jury that it is unlawful for any person to operate any motor vehicle in this State while the Order of the Court prohibiting such operation remains in effect, and if you believe from all the evidence beyond a reasonable doubt that James Walton Yager did operate a motor vehicle in the County of Warren, Virginia, on April 15, 1978, and that the Order dated June 15, 1972, remains in effect, then you shall find James Walton Yager guilty of unlawfully and feloniously operating a motor vehicle after having been declared an habitual offender and shall fix his punishment by confinement in the penitentiary for a period of not less than one year nor more than five years.

[3] Instruction 3 read:

The Court instructs the jury that in this case, as in all criminal prosecutions, the accused is presumed to be innocent until his guilt is established by the evidence beyond a reasonable doubt, and to the exclusion of every reasonable hypothesis of innocence.

The burden of proof is upon the Commonwealth to establish every material fact necessary for conviction by the evidence beyond a reasonable doubt.

This presumption of innocence applies at every stage of the case until or unless the Commonwealth has established every material fact necessary for conviction by the evidence beyond a reasonable doubt.

If, after a fair and impartial consideration of all the evidence the jury entertain a reasonable doubt of the existence of any material fact necessary for conviction the jury must find the accused not guilty. If the jury are satisfied by the evidence beyond a reasonable doubt of the existence of every material fact necessary for conviction they must find the accused guilty.

If a set of facts or circumstances should be susceptible of two or more reasonable interpretations, any one of which interpretations points to the innocence of the accused, the jury must accept that interpretation pointing to his innocence in arriving at their conclusion to be drawn from such set of facts or circumstances.

defendant's guilt beyond a reasonable doubt, and Instruction 5,[4] dealing primarily with the so-called "presumption of innocence."[5]

■ The first issue we address is defendant's contention that the trial court erred in refusing Instruction 3 which specifically placed the burden on the Commonwealth to prove its case beyond a reasonable doubt. Recognizing Instruction 1 "mentioned" the term "reasonable doubt," defendant contends the instruction was "silent as to the Commonwealth's burden." We do not think refusal of Instruction 3 was prejudicial error; Instruction 1 adequately covered the subject under the peculiar facts of this case.

Pursuant to the statute under which Yager was charged, note 1 *supra,* there are but two simple elements of the offense: (1) whether defendant has been adjudicated an habitual offender and (2) whether he operated a motor vehicle in this State while the order of the court prohibiting such operation was in effect. Instruction 1 effectively set forth those two elements and required them to be found beyond a reasonable doubt. While, as the Attorney General observes, "it would have been preferable for this instruction to state in express terms that the Commonwealth had the burden of establishing defendant's guilt beyond a reasonable doubt," we agree with his argument that, in this case, the "practical effect of the instruction was the same." It was implicit from the language used where the burden of proof lay. Moreover, the prosecutor on two occasions, in his opening statement

---

[4] Instruction 5 provided:

The defendant is presumed to be innocent of the offense with which he is charged and this presumption of innocence goes with him through the entire case and applied [sic] at every stage thereof and is sufficient to require you to find the defendant not guilty unless and until the Commonwealth upon whom the burden rests, proves his guilt beyond a reasonable doubt, and the Court further tells you that it is not sufficient that facts and circumstances proved be consistent with the guilt of the defendant, but they must be inconsistent with every reasonable hypothesis consistent with the innocence of the defendant.

[5] Mr. Justice Powell, writing for the majority in *Taylor* v. *Kentucky,* 436 U.S. 478 (1978), and quoting in part from 9 J. Wigmore, Evidence § 2511 (3d ed. 1940), states:

It is now generally recognized that the 'presumption of innocence' is an inaccurate, shorthand description of the right of the accused to 'remain inactive and secure, until the prosecution has taken up its burden and produced evidence and effected persuasion; *i.e.,* to say in this case, as in any other, that the opponent of a claim or charge is presumed not to be guilty is to say in another form that the proponent of the claim or charge must evidence it.' Wigmore ,407. The principal inaccuracy is the fact that it is not technically a 'presumption'—a mandatory inference drawn from a fact in evidence. Instead, it is better characterized as an 'assumption' that is indulged in the absence of contrary evidence. (Citations omitted). 436 U.S. at 484 n.12.

and again during closing argument, told the jury that the burden of proof was on the Commonwealth. Under these circumstances, it is inconceivable that the jury misunderstood where the burden of proof was placed, and Instruction 3 thus was unnecessary.

■ The second issue to be considered is defendant's contention that the trial court's failure to grant Instruction 5 on the presumption of innocence denied him "the right to a fair trial...by jury." He relies on the settled rule established by the case law of this Commonwealth that generally "the accused is entitled to an instruction on the presumption of innocence, and it is reversible error for the trial court to refuse such an instruction when requested." *Whaley* v. *Commonwealth,* 214 Va. 353, 355, 200 S.E.2d 556, 558 (1973); *Allen* v. *Commonwealth,* 211 Va. 805, 808-09, 180 S.E.2d 513, 516 (1971); *Widgeon* v. *Commonwealth,* 142 Va. 658, 666, 128 S.E. 459, 461 (1925). He correctly points out that many years ago this court, relying on *Coffin* v. *United States,* 156 U.S. 432 (1895), held that the lack of a presumption of innocence instruction is not sufficiently cured by giving a reasonable doubt instruction. *Campbell* v. *Commonwealth,* 162 Va. 818, 829, 174 S.E. 856, 861 (1934).[6]

The Attorney General, on the other hand, urges that the trial court committed no reversible error in refusing to grant Instruction 5. He says that "[i]n the context of this case, no presumption of innocence instruction was necessary." He argues that in all previous de-

---

[6] The principle that there is a presumption of innocence in favor of the accused and the principle that the prosecution bears the burden of proof beyond a reasonable doubt are not logically separate and distinct. *Taylor* v. *Kentucky,* 436 U.S. at 483. Nevertheless, legal scholars advise against abandoning the instruction on the presumption of innocence, even when a complete charge on the burden of proof beyond a reasonable doubt is provided. *Id. at* 484. The reason for this admonition is that the lay juror may obtain "significant additional guidance from an instruction on the presumption of innocence." *Id.* Mr. Justice Powell quotes Wigmore's description of this effect on the ordinary citizen:

'[I]n a criminal case the term [presumption of innocence] does convey a special and perhaps useful hint over and above the other form of the rule about the burden of proof, in that it cautions the jury to put away from their minds all the suspicion that arises from the arrest, the indictment, and the arraignment, and to reach their conclusion solely from the legal evidence adduced. In other words, the rule about burden of proof requires the prosecution by evidence to convince the jury of the accused's guilt; while the presumption of innocence, too, requires this, but conveys for the jury a special and additional caution (which is perhaps only an implied corollary to the other) to consider, in the material for their belief, *nothing but the evidence, i.e.,* no surmises based on the present situation of the accused. This caution is indeed particularly needed in criminal cases.' Wigmore 407.

*Id.* at 484-85 (emphasis Wigmore's).

cisions of this court holding that such an instruction was necessary, each case involved disputed facts "so that such an instruction might well have affected the jury's verdict," citing *Whaley* and *Campbell*. He contends that in this case there was no question whatever that defendant's guilt was established beyond all doubt and that the "obvious purpose" of defendant's evidence was merely to reduce Yager's punishment.

The Attorney General also relies on the recent case of *Kentucky* v. *Whorton*, 441 U.S. 786 (1979). In *Whorton*, the Supreme Court considered whether the refusal of a state trial judge to give an instruction on the presumption of innocence violated the Court's previous holding in *Taylor* v. *Kentucky*, 436 U.S. 478 (1978). In *Taylor*, the Court held the trial court's refusal to give defendant's requested instruction on the presumption of innocence "resulted in a violation of his right to a fair trial as guaranteed by the Due Process Clause of the Fourteenth Amendment." *Id.* at 490. Subsequently, the Kentucky Supreme Court, in *Whorton* v. *Commonwealth*, 570 S.W.2d 627 (1978), read *Taylor* to mean that when a presumption of innocence instruction was requested and denied, reversible constitutional error was absolutely committed. *Id.* at 633. The Supreme Court of the United States reversed that decision. The Court said in *Whorton* that the decision in *Taylor* was confined to its facts and that there was no intention in *Taylor* to create a rule that an instruction on the presumption of innocence is constitutionally required in every case. The Court said:

> In short, the failure to give a requested instruction on the presumption of innocence does not in and of itself violate the Constitution. Under *Taylor,* such a failure must be evaluated in light of the totality of the circumstances—including all the instructions to the jury, the arguments of counsel, whether the weight of the evidence was overwhelming, and other relevant factors—to determine whether the defendant received a constitutionally fair trial.

441 U.S. at 789. The Court remanded *Whorton* for a determination of whether the failure to give such an instruction deprived the defendant of Due Process of Law in light of the totality of the circumstances of the case. The Attorney General urges us to adopt such a test in Virginia.

Defendant argues that *Whorton* is not controlling because it was based on an interpretation of the Fourteenth Amendment to the

Federal Constitution. He notes that no Kentucky cases or state constitutional provisions were cited in *Whorton*. Defendant points out that his legal position rests on Virginia case law and upon Article I, § 8 and § 11, of the Constitution of Virginia "which grants all criminal defendants the right to a fair trial by an impartial jury." The Attorney General rejoins that "Virginia does not constitutionally require anything beyond what was set forth in *Whorton*" because Virginia's Article I, § 11 Due Process Clause is virtually identical to the same clause in the Federal Constitution.

We will agree with defendant and assume, without deciding, that the trial court erred in refusing to instruct on the presumption of innocence. Nevertheless, we believe such error, if it was error, was harmless beyond a reasonable doubt, given the facts and circumstances of this case. *See Harrington* v. *California,* 395 U.S. 250 (1969); *Chapman* v. *California,* 386 U.S. 18 (1967); *Goins* v. *Commonwealth,* 218 Va. 285, 288, 237 S.E.2d 136, 138 (1977).

■ Code § 8.01-678 provides, in part, that no judgment shall be reversed on appeal when it "plainly appears from the record and the evidence given at the trial that the parties have had a fair trial on the merits and substantial justice has been reached." Our Criminal Rule 3A:2(a) provides, in part, that errors which do not affect substantial rights shall not constitute reversible error.

In the present case the evidence of guilt was uncontroverted and overwhelming. The defendant's substantial rights were not affected in any way. There was positive, unimpeached evidence proving defendant an habitual offender who operated a motor vehicle in this State while the order adjudicating him as such was still in effect. The whole thrust of defendant's evidence was aimed at mitigation of punishment. Not once during the evidence or in argument did defendant's counsel dispute Yager's guilt, and he could properly have taken no other course of action. As a matter of fact, defense counsel told the jury that defendant "was declared a habitual offender in 1972, 6 years before this incident" and that he was "before the Court today facing one to five years in the Penitentiary simply because he. . . got himself into trouble by operating a motor vehicle." Under the unique circumstances of this case, giving the challenged instruction could not have changed the guilt finding.

■ Nor is there any likelihood that the giving of a presumption of innocence instruction would have altered the sentence, which was one year above the minimum. Defendant points to this court's decision in *Grosso* v. *Commonwealth,* 177 Va. 830, 844-45, 13 S.E. 2d 285, 290 (1941), and says the fact that the punishment exceeded

the minimum prevents application of the harmless-error rule. We do not agree. In *Grosso,* the court was faced with a number of "substantial" errors, not just a refusal to give a presumption of innocence instruction. Clearly it was their combined weight which led the court to believe that the errors were not harmless. Such is not the case here where there was one alleged error, and for a flagrant, unexplained felonious act defendant received a modest sentence.

In conclusion, this is one of those rare cases in which it was not reversible error to refuse to instruct on presumption of innocence. But this decision should not be taken as a signal that we have softened our adherence to the principle, "firmly engrafted in our jurisprudence" and "a landmark of the law," *Campbell* v. *Commonwealth,* 162 Va. at 828, 174 S.E. at 861, that the accused in most every case is entitled to an instruction on presumption of innocence.

For these reasons, the judgment of conviction will be

*Affirmed.*